**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MICHAEL BLAYLOCK,

Plaintiff,

v.

JAMES J. HYNES,

Defendant.

Civil No. 01-52 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

---

Marlene S. Garvis, JARDINE, LOGAN & O'BRIEN, P.L.L.P., 2100 Piper Jaffray Plaza, 444 Cedar Street, St. Paul, Minnesota, 55101-2160, for plaintiff.

William A. Cumming and Anthony A. Dorland, MOSS & BARNETT, P.A., 4800 Wells Fargo Center 90 South Seventh Street, Minneapolis, MN, 55402, for defendant.

This matter is before the Court on the motion of plaintiff Michael Blaylock to remand the case to Minnesota state court. Defendant James J. Hynes contends that claims included in plaintiff's amended complaint are preempted by ERISA, 29 U.S.C. §§ 1001 *et seq.*, and that, therefore, the case was properly removed to this Court. For the reasons that follow, the Court denies plaintiff's motion.

FILED SEP 2 5 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. 
DEPUTY CLERK

## BACKGROUND

Plaintiff is president and part owner of Blaylock Plumbing. He suffers from multiple sclerosis ("MS"). In spring 1996, plaintiff received notice that he was eligible to participate in employee benefits plans managed by the Twin City Pipe Trades Service Association ("TCPTSA"). Defendant is Executive Administrator of the Association, a non-profit corporation that provides administrative services to three employee benefits plans established for union members employed in the pipe trades industry. As Executive Administrator, defendant is responsible for determinations of eligibility, participation, benefits and claims for the plans, including the welfare plan, a self-funded benefit plan that provides health care insurance to participants.

Upon receiving the letter notifying plaintiff that he was eligible to participate in the TCPTSA's plans, plaintiff contacted defendant and asked whether he could participate in the union's pension plan. Defendant told plaintiff that in order to participate in the pension program, plaintiff also had to enroll in the welfare plan. At the time, plaintiff had in full force and effect complete health coverage with Federated Mutual Insurance Company ("Federated Mutual"), which covered all claims relating to plaintiff's care and treatment for MS. Because this would mean giving up his current health insurance coverage with Federated Mutual, plaintiff asked defendant whether he would be eligible for full health care coverage without restrictions under TCPTSA's welfare plan. Plaintiff alleges that defendant told plaintiff that he would have full coverage and that defendant did not mention that plaintiff would be subject to a preexisting condition limitation. Based on this representation, plaintiff cancelled his

insurance with Federated Mutual and enrolled in the TCPTSA plans, which became effective on January 1, 1997.

In actuality, the welfare plan contained an annual $5,000 limit for pre-existing conditions. In the fall of 1998, plaintiff incurred medical expenses of $15,017.76 for treatment of a urinary tract infection resulting from an implanted catheter. Plaintiff submitted these medical expenses to the plan for this treatment. However, the welfare plan, contending that the medical bills were related to plaintiff's preexisting MS, denied coverage. Plaintiff has continued to require medical care and treatment and incurred medical expenses related to his MS, but TCPTSA has continued to refuse to pay a substantial portion of plaintiff's medical bills.

Plaintiff filed this lawsuit in Ramsey County District Court against defendant for fraud, reckless and negligent misrepresentation, violations of the Minnesota Consumer Fraud Act and the Minnesota Regulation and Trade Practices Act. Defendant removed the case to federal court, contending that plaintiff's claims were completely preempted by ERISA. *See Blaylock v. Hynes*, Civil No. 00-180 (ADM/AJB). Plaintiff filed a motion to remand to state court, which the Court granted on June 21, 2000.[1]

After the case was remanded, plaintiff amended his complaint to add the following state law claims: breach of contract (Count VI), breach of fiduciary duty (Count VII); tortious breach of duty to deal with insured in good faith (Count VIII); and fraudulent inducement (Count IX). Shortly thereafter, defendant again removed the case to federal

[1] United States District Judge Ann D. Montgomery.

district court on the basis that plaintiff's amended claims are completely preempted by ERISA.

Plaintiff has moved again to remand this dispute to state court, contending that none of plaintiff's amended claims fall within the scope of ERISA. Plaintiff moves in the alternative to dismiss Counts VI and VII in the event the Court finds these claims completely preempted. For the reasons that follow, the Court denies plaintiff's motion.

## ANALYSIS

### I. Standard of Review

Defendant removed this action pursuant to 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

If, however, at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). When reviewing a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *Id.*

### II. Complete Preemption

Plaintiff asserts that remand to the state court is warranted because the Court does not have federal subject matter jurisdiction over his amended claims. Defendant

responds that ERISA completely preempts one or more of plaintiff's amended claims and thereby confers federal question jurisdiction in this Court. A federal court has federal question jurisdiction when an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to the "well-pleaded complaint rule," an action arises under federal law only when the plaintiff raises issues of federal law in the well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and therefore, does not authorize removal to federal court." *Id.*

The "complete preemption" doctrine provides an exception to the well-pleaded complaint rule. *Hull v. Fallon*, 188 F.3d 939, 942 (8th Cir. 1999). "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64. Under the "complete preemption" doctrine, a plaintiff's state law claim is recharacterized as a claim arising under federal law to the extent that Congress has displaced the state law claim. *See Hull*, 188 F.3d at 942 (quoting *Rice v. Panchal*, 65 F.3d 637, 640 n.2 (7th Cir. 1995)). If a plaintiff's state law claims arise in an area that has been displaced by federal law, federal question jurisdiction exists and the defendant may remove the case to federal court. *Id.*

The Court has jurisdiction over plaintiff's claims if any one of his amended claims fall within the scope of, or relate to, § 502(a) of ERISA, 29 U.S.C. § 1132(a). *Hull*, 188

F.3d at 942 (citing *Taylor*, 481 U.S. at 66)).[1] "Causes of action within the scope of, or that relate to, the civil enforcement provisions of § 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." *Id.* (citing *Taylor*, 481 U.S. at 66); *Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc.*, 999 F.2d 298, 302 (8th Cir. 1993). "Not only does this complete preemption confer federal jurisdiction, it also limits claims and remedies exclusively to those provided by section 502(a)." *Id.* (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)).

The relevant provisions of ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), provides, in relevant part:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought —
>
> (1) by a participant or beneficiary—
>
> > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (3) by a participant . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan . . .

Defendant argues that plaintiff's motion to remand should be denied because plaintiff's amended claims fall within the scope of both § 1132(a)(3) and § 1132(a)(1) of ERISA. Specifically, defendant contends that plaintiff's breach of fiduciary duty claim falls within the scope of § 1132(a)(3) and that plaintiff's other amended claims—breach of

---

[1] The Court emphasizes that when it speaks of "preemption" in this context, it is only determining whether any of plaintiff's amended claims fall within the scope or relate to §502 of ERISA. The Court is not now deciding the entirely separate issue of whether plaintiff's claims are preempted under §1144 of ERISA. For an excellent discussion of the differences between complete preemption under § 502(a) and ordinary preemption under § 1144(a), *see Tovey v. Prudential Ins. Co. of America*, 42 F. Supp. 2d 919, 922 (W.D. Mo. 1999).

contract, breach of the duty to deal in good faith, and fraudulent inducement—are § 1132(a)(1) claims. For the reasons that follow, the Court finds that Counts VI, VII, and VIII of plaintiff's amended complaint are completely preempted by ERISA.

Foremost among the claims subject to complete preemption is plaintiff's breach of fiduciary duty claim. The Court has little trouble concluding that this claim falls within the scope of § 1132(a)(3). As previously mentioned, § 1132(a)(3) allows an ERISA participant to bring a civil action "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan . . . ."[2] In order for a claim to fall within this section of ERISA, three general requirements must be met: 1) the plaintiff must be an ERISA participant or beneficiary; 2) the defendant must be an ERISA fiduciary; and 3) there must be allegations regarding the conduct, responsibilities or obligations of the defendant.

The Court finds that all three requirements are satisfied. Despite plaintiff's claim to the contrary, plaintiff qualifies as a "participant" under ERISA and thus has standing to bring an § 1132(a)(3) claim. ERISA defines "participant" as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or **may become eligible to receive a benefit of any type from an employee benefit plan** . . ." 29 U.S.C. § 1002(7) (emphasis added). At the time plaintiff inquired into the benefits under the TCPTSA plans, plaintiff was eligible to become a participant in TCPTSA's welfare plan. The letter plaintiff received from the union told

---

[2] Federal courts have exclusive jurisdiction over such actions. 29 U.S.C. § 1132(e).

him this. There is also no question that defendant is an ERISA fiduciary as defined under ERISA. 29 U.S.C. § 1002(21). Plaintiff himself acknowledges in the complaint that defendant is the Executive Administrator of the TCPTSA plans and in this position he is responsible for managing the plans in question.

Finally, plaintiff's fiduciary claim directly challenges the conduct and responsibilities of defendant in his role as an ERISA fiduciary. Section 1104(a) of ERISA, which qualifies as a "provision of this subchapter" under § 1132(a)(3), requires ERISA fiduciaries to discharge their duties "solely in the interests of the participants and beneficiaries" of the plan. ERISA fiduciaries must also act with the "care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims" and "in accordance with the documents and instruments governing the plan." *Id.* The enactment of § 1104(a) is in furtherance of Congress' express policy that the duties and obligations of ERISA fiduciaries be governed by a national uniform standard of care:

> It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, **by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans**, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b) (emphasis added).

Upon review of the record and relevant caselaw, the Court finds that plaintiff's breach of fiduciary duty claim falls comfortably within § 1132(a)(3) of ERISA. In Count

VII, plaintiff alleges that "[d]efendant owed plaintiff fiduciary duties, including the duty of good faith and fair dealing, duty of full disclosure, and a duty of care arising out of his relationship with Plaintiff" and that "defendant breached his duty to plaintiff." Am. Compl. ¶ 43-44.

These allegations clearly fall within the types of challenges contemplated by § 1104(a) and which numerous courts, including the United States Supreme Court, have found cognizable under § 1132(a)(3). *Varity Corp. v. Howe*, 516 U.S. 489, 498-507 (1996). In substance, plaintiff alleges that defendant breached a fiduciary duty owed to plaintiff in allegedly telling plaintiff that the plan provided full coverage when in fact the plan was subject to a pre-existing condition limitation. Such conduct, it can be argued, is not "solely in the interests of the participants and beneficiaries." Additionally, the only "relationship" between plaintiff and defendant is that of participant and plan administrator. For these reasons, the Court concludes that plaintiff's breach of fiduciary duty claim is completely preempted.

Although the Court's finding that Count VII falls within the scope of § 1132(a)(3) is sufficient, standing alone, to deny plaintiff's motion to remand, the Court also notes that other amended claims plaintiff asserts also fall within the complete preemption doctrine. For instance, plaintiff's breach of contract claim alleged in Count VI falls within an § 1132(a)(1) claim for benefits. In paragraph 40 of the amended complaint, plaintiff states that "defendant's representations to plaintiff concerning the health coverage under the TCPTSA health insurance coverage constituted a breach of defendant's contract with plaintiff." There is no other contract between the parties but

the TCPTSA plans. Additionally, in paragraph 46 under plaintiff's tortious breach of duty to deal with an insured in good faith, plaintiff states that defendant owed a duty to plaintiff "to do nothing to impair or frustrate the rights of plaintiff to receive the benefits that he had been promised." This claim, the Court believes, falls within the scope of either an § 1132(a)(1) or (a)(3) claim.

Finally, the Court addresses plaintiff's alternative request to remand this action to state court. Specifically, plaintiff asks that in the event the Court finds that plaintiff's claims under Counts VI and VII fall within the scope of ERISA, plaintiff asks that the Court allow plaintiff to dismiss those counts pursuant to Rule 41(a)(2). While the Court is willing to entertain plaintiff's motion, the Court does not see much purpose in doing so, since dismissal of Counts VI and VII will not change the result of this motion. Dismissal of these two counts would still leave Count VIII, which the Court has determined falls within the scope of ERISA and thus makes defendant's removal of the case proper.[3] Thus, for all the foregoing reasons, plaintiff's motion to remand is denied.

---

[3] Plaintiff's second alternative motion asking the Court to stay this order under Rule 8(a) of the Federal Rules of Appellate Procedure is without merit. A denial of plaintiff's motion is not an appealable final judgment under 28 U.S.C. § 1291 and it does not qualify as an interlocutory decision under 28 U.S.C. § 1292. Plaintiff's reliance on *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995), is misplaced. In that case, the Eighth Circuit had jurisdiction over the district court's denial of a motion to remand because it also involved a motion for a preliminary injunction. *Id.* at 1240 n.2 (explaining that the court has jurisdiction to review the removal issue because it has jurisdiction under 28 U.S.C. § 1292(a)(1) which permits an interlocutory appeal from a district court's denial of injunctive relief).

**ORDER**

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's motion to remand [Docket No. 9] is **DENIED**.

DATED: Sept. 28, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500